Neuber v. Shoel.

---

### F. C. NEUBER v. MARY SHOEL.

#### No. 307.*

1. WILLS — *Consent of Wife — Citation and Election — Res Judicata.* Where the wife consents to the making of a will, and such consent is indorsed on the will in writing and signed by her at the time of the execution thereof, the action of the probate court or judge in ignoring such consent and citing the widow to appear and make her election is not such an adjudication as to prevent the devisees from establishing the validity of such consent.

2. ———— *Judgment in Ejectment — Res Judicata.* The widow instituted an action in ejectment against the devisees under the will, and upon the trial of said action she claimed to be the owner and entitled to the possession of the land in controversy under the law of descents and distributions, while the defendants claimed title and right of possession to said land under the will. The court found them to be tenants in common therein and rendered judgment for the defendants. *Held,* that said judgment does not estop said defendants from claiming in this case the full title to the land under the provisions of the will.

3. ———— *Consent of Wife — Witnesses Required.* Under the provisions of paragraph 7239, General Statutes of 1889 (Gen. Stat. 1897, ch. 110, § 34), the consent of the wife need not be attested

*Petition for order to certify denied by supreme court November 10, 1898.—REP.

by two subscribing witnesses, but is sufficient if executed in the *presence* of two witnesses.

4. ——— *Widow's Rights—Power of Testator.* Under paragraph 7275, General Statutes of 1889 (Gen. Stat. 1897, ch. 110, § 35), the husband may, without the consent of the wife, devise the whole of certain specific property, if the aggregate of the property so devised does not exceed in value one-half his whole estate.

Error from Geary district court; O. L. MOORE, judge. Opinion filed September 20, 1898. Reversed.

STATEMENT.

ON January 24, 1876, Charles Neuber, the husband of the defendant in error, executed his will, by which he devised the land in controversy to the plaintiff in error, reserving to his wife during her lifetime the use and occupation of the dwelling-house on said land and one-sixth of the crop raised thereon. Indorsed on the will was the written consent of his wife, and her signature to said consent was attested by one witness only. Charles Neuber died in July, 1894, owning at the time 160 acres of land in Riley county and 40 acres in Geary county, besides that described in the will, and also $500 worth of personal property. The will was probated in Riley county on September 1, 1894, and on the same day the widow was cited to and did appear before the probate court and made her election to take under the law and not under the will, and the probate judge made an order that the widow be vested with her full rights as the widow of the said Charles Neuber, as if no will had been made.

Afterward the widow, Mary Neuber, instituted in the district court of Geary county, in which said land lies, an action of ejectment against F. C. Neuber and L. H. Neuber, in which the court made certain findings of fact and conclusions of law; in substance, that the

plaintiff in error and the defendant in error are tenants in common of the lands in controversy herein, each owning the undivided one-half thereof.   Afterward this action was instituted for the partition of said land between the parties according to their interests therein as found in said ejectment proceedings.   A trial was had and judgment of partition rendered, which judgment is sought to be reversed in these proceedings.

*J. R. McClure*, for plaintiff in error.

*J. B. Rairden*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: There are no formal assignments of error in plaintiff in error's brief, and the main question for our consideration is, Do the findings of fact sustain the judgment rendered by the court below? Of this general question there are three subdivisions : (1) Is the action of the probate court *res judicata* as to the rights of the parties under the will?   (2) Are the findings of the district court *res judicata* as to the rights of the parties to the land?   (3) If the doctrine of *res judicata* does not apply in either of the foregoing cases, did the court below properly construe and apply the law applicable to the facts found?   These questions we will consider in the order stated.

Paragraph 7245, General Statutes of 1889 (Gen. Stat. 1897, ch. 110, § 41), provides that if any provision be made for the widow in the will of her husband, and she shall not have consented thereto in writing, the probate judge shall cite her to appear and elect whether she will take under the will or under the law.   This is the only provision that authorizes the citation of the widow to appear and make

her election, and that is only in case she shall not have consented in writing to the provisions of the will. In this case she did consent to the will in writing, and the probate court had no jurisdiction to make the citation it did make. The will was probated as a whole, including the consent, and if the widow desired to contest the validity of the consent she could do so under paragraph 7224, General Statutes of 1889 (Gen. Stat. 1897, ch. 110, § 20). The rights of the devisees could not be disposed of in the *ex parte* and summary manner attempted in this case.

A more difficult question arises over the ejectment proceedings in the district court. In that case both parties appeared and contested the issues involved. In *Hentig v. Redden*, 46 Kan. 231, 26 Pac. 701, the supreme court held : " Where a judgment is rendered in this state for the plaintiff in an action in the nature of ejectment, the title which he recovers is thereby established as against the defendant." And ordinarily the title established by an action in ejectment is *res judicata* and binding on the parties in all litigation, and this applies to all questions necessarily involved in the suit. The pleadings in the ejectment case are not in the record and we cannot tell exactly what were the issues therein, but the judgment was for the defendant, the plaintiff in error here, and was just what it should have been if his present contention is sustained. In other words, the plaintiff in error claims that the court rendered the proper judgment in the ejectment case but on the wrong theory, while the defendant in error claims that the theory on which the judgment was rendered is *res judicata* and settles the rights of the parties to the land in question. After considerable hesitation and investigation, we conclude that the proceedings in ejectment settled the question as to whether the plaintiff in that case was the owner

of the whole title to the land in question and entitled to the possession thereof as claimed by the widow, but there was no issue as to what, if any, interest the respective parties may have had therein as tenants thereof in common, and the findings of the court on the subject were outside of the issues in the case and are not *res judicata*.

This leaves for consideration the question, Did the court below properly construe and apply the law applicable to the facts found? Paragraph 7239, General Statutes of 1889, does not require that the consent of the wife be executed in the presence of two subscribing witnesses, but simply in the presence of two witnesses; and if the consent in this case was executed in the presence of two witnesses, then it is binding on her, and cannot after the death of her husband be repudiated and avoided.

It appears from the findings of fact in this case that the decedent left at the time of his death $500 worth of personal property and 200 acres of land besides that in this controversy. The 200 acres of land lie partly in Geary county and partly in Riley county, and the value of it does not appear in the findings.

Under paragraph 7275, General Statutes of 1889, Charles Neuber had a right to dispose of one-half of his property by will, and by the phrase "one-half of his property," we think is meant or included the right to dispose of the whole of certain specific property to the value of one-half his estate. Therefore, if the consent of his wife to the will should be found to be void, the wife would only be entitled to such part of the devised property as, added to the property undevised, would equal in value one-half of the whole estate.

The judgment of the court below will be reversed, and a new trial directed to be had in accordance with the views herein expressed.      —